UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CHRISTOPHER WILLIAMS** | **DOCKET NO. 6:24-cv-1489** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **LINDEE AUCOIN, ET AL** | **MAGISTRATE JUDGE AYO** |

## REPORT & RECOMMENDATION

Before the court is a civil rights complaint (Rec. Doc. 1) filed by *pro se* plaintiff Christopher Williams. For the reasons below, the undersigned recommends that this matter be dismissed *sua sponte* as frivolous.

### I.  Background

Williams alleges that he was falsely accused by Lindee Aucoin, an employee of Ace Hardware Store in New Iberia, Louisiana, of using vulgar language. (Rec. Doc. 1). Police allegedly went to his home, arrested him, and told him he was no longer allowed at the store. *Id.* He filed the instant suit alleging that his name and reputation have been damaged as a result of this incident.

### II.  Law & Analysis

#### A. Leniency for *Pro Se* Plaintiffs

Williams is not represented by counsel. The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Cledera v. United States*, 834 Fed. App'x 969, 972 (5th Cir. 2021) (citing *Andrade v. Gonzales,* 459 F.3d 538, 543 (5th

Cir. 2006)). However, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. Univ. of Tex. at Austin,* 836 F.3d 467, 469 (5th Cir. 2016); *see also Taylor v. Books A Million, Inc.,* 296 F.3d at 378*; Cledera v. United States*, 834 Fed. App'x at 972). A *pro se* litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Rule 12(b)(6) motion to dismiss. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Marucci Sports, L.L.C. v. NCAA,* 751 F.3d 368, 378 (5th Cir. 2014). Furthermore, *pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986).

**B. Frivolity Review**

Williams is not a prisoner nor is he proceeding *in forma pauperis*. Therefore, the screening provisions of 28 U.S.C. §§ 1915 and 1915A are not applicable. However, in *Apple v. Glenn*, the Sixth Circuit recognized a district court's inherent authority to conduct a limited screening procedure, *sua sponte*, in a fee-paid non-prisoner's complaint, if it appears from the pleadings and exhibits that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). This Court and other courts in the Fifth Circuit have followed suit. *Black v. Jones*, 2019

WL 6353332, at *2 (W.D. La. Oct. 28, 2019), *adopted by*, 2019 WL 6357909 (W.D. La. Nov. 26, 2019); *Deng v. Parker*, 2018 WL 6272460, at *1 (N.D. Tex. Oct. 22, 2018), *adopted by*, 2018 WL 6270977 (N.D. Tex. Nov. 29, 2018), *appeal dismissed*, 799 F. App'x 301 (5th Cir. 2020); *McLean v. Country of Mexico*, 2019 WL 2869579, at *1 (W.D. Tex. July 3, 2019).

### C. Application

Williams brings the instant suit alleging that his "civil rights [were] violated" because his name and reputation were damaged as a result of the false allegations made by Lindee Aucoin. (Rec. Doc. 1). "Damage to reputation alone, unaccompanied by other injury, will not, therefore, suffice for recovery under 42 U.S.C. § 1983, which protects only against 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *In re Selcraig*, 705 F.2d 789, 795 (5th Cir. 1983); *see Paul v. Davis,* 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976) (holding that an individual's interest in his reputation is simply one of a number of interests "which the State may protect against injury by virtue of its tort law" and any harm or injury to the interest does not result in the deprivation of any "liberty" or "property" rights recognized by state or federal law). Accordingly, Williams' complaints about damage to his reputation should be dismissed with prejudice as legally frivolous.

### III. CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers this 8th day of January, 2025.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE